UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ACCIDENT INSURANCE COMPANY, INC. | * | CIVIL ACTION NO: |
| VERSUS | * | SECTION: |
| ASHBREN, LLC | * | MAGISTRATE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff, Accident Insurance Company, Inc., a foreign insurer, licensed to do and doing business in the State of Louisiana, brings this Complaint against Ashbren, LLC, and alleges as follows:

### INTRODUCTION

**I.**

This is an insurance coverage action seeking declaratory relief under 28 U.S.C.A. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Accident Insurance Company, Inc., seeks declaratory relief with respect to a policy of comprehensive general liability insurance issued by Accident Insurance Company, Inc., to Ashbren, LLC.

**II.**

This Court has jurisdiction over the parties under 28 U.S.C.A. § 1332(a), there being diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Moreover, there exists a justifiable case and controversy regarding the rights and obligations as between Accident Insurance Company, Inc., and Ashbren, LLC., with respect to the issues of defense and indemnity coverage in the lawsuit entitled

"*Rajeeve Rai and Shrunali Tembe Rai Versus John Newton Pate, Laurie Lichtman Pate, and Ashbren, LLC*", Docket number 2009-3928, 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

## THE PARTIES

### III.

Accident Insurance Company, Inc., is a foreign insurer organized and existing under the laws of the State of South Carolina, with its principal place of business at 131 Dutchman Boulevard, Irmo, SC 29063. It engages in the business of issuing commercial general liability policies to entities located in Louisiana.

### IV.

Ashbren, LLC is a domestic corporation organized and existing under the laws of the State of Louisiana which procured a commercial general liability insurance policy from Accident Insurance Company, Inc., a copy of which is attached hereto as Exhibit "A".

## FACTS

### V.

On May 15, 2009, Accident Insurance Company, Inc., issued to Ashbren, LLC, a policy of commercial general liability insurance, policy number: "AGL83139" for the period of May 14, 2009 to May 14, 2010. A copy of the policy is attached as Exhibit "A" and is incorporated by reference.

### VI.

In June 2005, Ashbren, LLC, purchased immovable property described as: Lot 47 of Oak Creek Subdivision located in Tangipahoa Parish. (Exhibit "B", paragraph 2) Ashbren, LLC,

constructed a house on said lot and sold it to John Pate and Laurie Pate on January 13, 2006. (Exhibit "B", paragraph 3)

## VII.

On March 14, 2008, John Pate and Laurie Pate sold this house to Rajeeve Rai and Shrunali Tembe Rai for the sum of $300,000.00. (Exhibit "B", paragraph 4)

## VIII.

Within ninety days of November 5, 2009 or on or about August 5, 2009, the Rai family discovered alleged structural defects in this house. (Exhibit "B", paragraph 5)

## IX.

As a result of these alleged defects, the Rai family filed suit against Ashbren, LLC, John Pate and Laurie Pate for breach of the New Home Warranty Act and for Redhibition in the matter entitled: *"Rajeeve Rai and Shrunali Tembe Rai Versus John Newton Pate, Laurie Lichtman Pate, and Ashbren, LLC"*, Docket Number 2009-3928 in the 21st Judicial District Court for the Parish of Tangipahoa Parish, State of Louisiana. (Exhibit "B")

## X.

On several occasions, namely, December 4, 2009, March 22, 2010, and April 7, 2010, Accident Insurance Company, Inc., through its representative, Custard Insurance Adjusters, Inc., advised Ashbren, LLC, that it would not provide Ashbren, LLC, with a defense, indemnity, or coverage for the sued upon incident. It further suggested that Ashbren, LLC, advise all insurance companies, which could potentially provide it with insurance coverage, of the underlying lawsuit and seek assistance of legal counsel in defending the underlying lawsuit. (Exhibits "C-1", "C-2", and "C-3")

## XI.

On February 17, 2010, the Rai family obtained a default Judgment against Ashbren, LLC, in the amount of $307,800.00 plus legal interests and costs. (Exhibit "D")

## XII.

Accident Insurance Company, Inc. maintains that the one and only insurance policy that it provided to Ashbren, LLC, contains definitions, terms, exclusions and endorsements such that the insurance policy does not provide Ashbren LLC with indemnity or coverage for the allegations asserted by, for the damages claimed by, and for the judgment by the Rai family against Ashbren LLC in the underlying litigation. Accident Insurance Company, Inc. further maintains that this insurance policy did not and does not obligate it to provide Ashbren LLC with a defense of that underlying litigation.

## XIII.

In support of its position regarding defense, indemnity and coverage not being afforded to Ashbren LLC for the underlying litigation, Accident Insurance Company, Inc. relies upon the following non-exhaustive language of its insurance policy:

> Please direct your attention to the Insuring agreement under coverage form CG 00 01 12 07 that states in pertinent part:
>
> **1. Insuring Agreement**
>
> a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

There are exclusions on the policy that are applicable as follows:

**2. Exclusions**

This insurance does not apply to:

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

In this case, any damage resulting to the insured's products themselves will not be covered.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

In this case, any damage resulting to the insured's work will not be covered.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

If the terms of this exclusion apply, then there would be no coverage or duty to defend.

### n. Recall Of Products, Work Or Impaired Property

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:
(1)   "Your product";
(2)   "Your work"; or
(3)   "Impaired property";
if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

If the terms of this exclusion apply, then there would be no coverage or duty to defend.

Some of the applicable terms in the policy are defined as follows:

### SECTION V – DEFINITIONS

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

16. "Products-completed operations hazard":
   **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

   (1) Products that are still in your physical possession; or
   (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
   (a) When all of the work called for in your contract has been completed.
   (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
   (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

17. "Property damage" means:
   **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it;

21. "Your product":
   a. Means:

   (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
   (a) You;
   (b) Others trading under your name; or
   (c) A person or organization whose business or assets you have acquired; and

   (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

   b. Includes

   (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
   (2) The providing of or failure to provide warnings or instructions.

   c. Does not include vending machines or other property rented to or located for the use of others but not sold.

22. "Your work":
   a. Means:
   (1) Work or operations performed by you or on your behalf; and
   (2) Materials, parts or equipment furnished in connection with such work or operations.

   b. Includes
   (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and
   (2) The providing of or failure to provide warnings or instructions.

Please direct your attention to coverage form AIC 3022 (07/07) Products or Work Exclusion that states in pertinent part:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**PRODUCTS-COMPLETED OPERATIONS LIABILITY COVERAGE PART**

**COMMERCIAL LIABILITY UMBRELLA COVERAGE PART**

**SCHEDULE 5/14/2009**

**This insurance does not apply to "your products" or "your work" completed prior to the policy period. Specifically, this insurance dos not apply to:**

"Bodily injury", "property damage", "personal injury", "advertising injury", or "medical payments" included in the "products-completed operations hazard" and arising out of, or alleged to arise out of, any of "your products" manufactured, assembled, sold, handled or distributed by or on behalf of you prior to the date shone in the Schedule or "your work" performed by or on behalf of you prior to the date shown in the Schedule.

We will not defend any claim or suit, or pay any damages, loss, expense, cost or obligation caused directly or indirectly by, arising out of, or alleged to arise out of, resulting from, contributed to, contributed by, or related in any way to "your products' manufactured, assembled, sold, handled or distributed by or on behalf of you prior to the date shown in the Schedule or "your work" performed by or on behalf of you prior to the date shown in the Schedule.

## PRAYER FOR RELIEF

### XIV.

WHEREFORE, Accident Insurance Company, Inc., requests a declaration of the respective rights and duties of Accident Insurance Company, Inc., and Ashbren, LLC, with respect to each other by virtue of the subject insurance policy referenced herein and attached hereto as Exhibit "A" and with respect to the claims asserted by Rajeeve Rai and Shrunali Tembe Rai in the matter entitled, *"Rajeeve Rai and Shrunali Tembe Rai Versus John Newton Pate, Laurie Lichtman Pate, and Ashbren, LLC",* Docket Number 2009-3928 in the 21st Judicial

District Court for the Parish of Tangipahoa Parish, State of Louisiana attached hereto as Exhibit "B".

Specifically, Accident Insurance Company, Inc., requests the following relief:

1. This Court declare and adjudge the rights and obligations of the parties under the insurance policy issued by Accident Insurance Company, Inc., to Ashbren, LLC, regarding the duties to defend, indemnify and provide coverage to Ashbren, LLC, against the allegations asserted by, the damages claimed by, and the judgment obtained by Rajeeve Rai and Shrunali Tembe Rai and against Ashbren, LLC in the underlying litigation;

2. This Court adjudge and decree that the referenced and attached insurance policy issued by Accident Insurance Company, Inc., to Ashbren, LLC, does not require or obligate Accident Insurance Company, Inc. to defend, indemnify or provide coverage to Ashbren, LLC, against the allegations asserted by, the damages claimed by, and the judgment obtained by Rajeeve Rai and Shrunali Tembe Rai and against Ashbren, LLC in the underlying litigation;

3. Awarding such other and further relief, including any appropriate equitable relief, as the Court may deem just and proper.

Respectfully submitted,

**ALLEN & GOOCH**

BRENT M. MAGGIO, T.A., # 19959
LORI A. DAIGLE, # 31687
3900 N. Causeway Blvd, Suite 1450
Metairie, Louisiana 70002
Tel: 504.836.5260
Fax: 504.836.5265
<u>brentmaggio@allengooch.com</u>
**Attorneys for Accident Insurance Company, Inc.**

**PLEASE SERVE:**

**Ashbren, LLC**
**Through its Registered Agent:**
**Glen Aleck**
**18120 Ashton Drive**
**Hammond, LA 70403**